IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1114 |
| | ) | Magistrate Judge Bissoon |
| v. | ) | |
| | ) | |
| MAZURKIEWICZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

On September 8, 2009, the Court granted Defendants' Motion to Dismiss (Doc. 23) in this prisoner civil rights action on the basis that Plaintiff failed to plead facts sufficient to state a claim for denial of his right of access to the courts (Doc. 29). Specifically, Plaintiff alleged that "two legal forms" and one "catalog" were taken from his cell and not returned (Doc. 5, ¶¶ 3-4), but he failed to allege that an underlying legal proceeding was impacted by the loss of these documents. Plaintiff was given the opportunity to amend his Complaint "to include factual allegations sufficient to state a claim" (Doc. 29, p. 5) and he has, in fact, submitted an Amended Complaint (Doc. 32).

Plaintiff now alleges that the documents taken from his cell referred to "UCC Regulations" and that Plaintiff needed them to pursue a motion to withdraw a guilty plea (Doc. 32, ¶¶ 7-8). Plaintiff does not identify the court involved, the crime(s) to which he pleaded guilty, or the nature of the argument he intended to make in seeking to withdraw his plea. Plaintiff again offers no explanation for why the loss of these documents denied him of his right of access to the courts and states only that he "could have possibly" been permitted to withdraw his plea had he been able to present the seized documents to the court (Id.).

**A. Legal Standard**

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A complaint possesses "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009).

**B. Analysis**

The only claim Plaintiff is making is a First Amendment claim for denial of access to the courts.  Defendants' Motion to Dismiss was granted because Plaintiff failed to make any allegations concerning the underlying legal proceeding he believes was impeded.  Lewis v. Casey, 518 U.S. 343, 354 (1996);  Christopher v. Harbury, 536 U.S. 403, 415-17 (2002).  More specifically, in Christopher, the Supreme Court explicitly held that a plaintiff must identify a non-frivolous claim that was actually impacted by the complained-of activity in order to state a claim.  "Like any other element of an access claim, the underlying cause of action and its lost

remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Christopher, 536 U.S. at 416.

The additional facts alleged by Plaintiff do not cure the defect previously identified by the Court. Plaintiff identifies the documents at issue as referencing Uniform Commercial Code ("UCC") rules and regulations. First, Plaintiff has not indicated how the absence of the seized documents prevented him from relying upon UCC rules and regulations in attempting to withdraw his guilty plea. Second, Plaintiff has not even identified the underlying crime or crimes at issue, thereby preventing the Court from making a determination of whether UCC rules and regulations are even relevant to his motion to withdraw his guilty plea. Finally, information concerning the UCC certainly was available to Plaintiff when he entered his guilty plea and, accordingly, would not form a basis for withdrawing that plea.

The Amended Complaint suffers from the same fatal flaw as the initial Complaint. Plaintiff has not stated a "facially plausible" claim of denial of access to the Courts because after having been given a second opportunity, he has again failed to identify a non-frivolous claim he was forced to abandon, and because he has again failed to allege sufficient facts to state a plausible claim that the seizure of the documents in question caused him to lose his motion to withdraw his guilty plea.

AND NOW, this 15th day of October, 2009,

IT IS HEREBY ORDERED that the Amended Complaint (Doc. 32) is DISMISSED. The Clerk is directed to mark this case CLOSED.

s/ Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**ANDRE GRAY**
ES-2309
SCI - Pine Grove
191 Fyock Rd.
Indiana, PA 15701